UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
   THOMAS JAMES PIPALA,          :

             Plaintiff,           :

                           :

   v.                            :

   JP MORGAN CHASE BANK NA,    :

             Defendant.        :
--------------------------------------------------------x

**MEMORANDUM OPINION
AND ORDER**

16 CV 3723 (VB)

Briccetti, J.:

      Plaintiff Thomas James Pipala, proceeding <u>pro se</u>, brings this state law mortgage fraud action against defendant JP Morgan Chase Bank NA ("Chase").

      Now pending is Chase's unopposed motion to dismiss the amended complaint. (Doc. #15).

      For the following reasons, the motion is GRANTED.

      The Court has subject-matter jurisdiction under 28 U.S.C. § 1332.[1]

## BACKGROUND

      In deciding the pending motion, the Court accepts as true all well-pleaded allegations of plaintiff's amended complaint and draws all reasonable inferences in plaintiff's favor. The following facts are taken from the amended complaint and the documents attached thereto.

---

[1]     The complaint incorrectly states the Court has federal question jurisdiction over this case. There is plainly no federal question here, as the complaint alleges mortgage fraud, and, even liberally construed, it does not state a claim under the Constitution or any federal statute. However, the Court appears to have jurisdiction by reason of diversity. Specifically, prior cases from this district have found Chase to be a citizen of Ohio, <u>see</u> <u>e.g.</u>, <u>Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.</u>, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006), and plaintiff appears to be domiciled in New York. In addition, plaintiff seeks $5 million in damages. As a result, the requirements for diversity jurisdiction appear to be met. <u>See</u> 28 U.S.C. § 1332(a).

On or about May 14, 2008, plaintiff entered into an agreement to purchase a condominium in Dobbs Ferry, New York, for $530,000 before taxes and fees.  Chase was the originator and/or servicer of a $380,000 mortgage loan plaintiff used to finance the purchase of the condominium.  (See Compl. Ex. 1, pp. 5, 14; Ex. 5, p. 1).

Plaintiff filed his initial complaint on April 12, 2016.  On April 26, 2016, he filed an amended complaint (Doc. #5), which is the subject of the instant motion to dismiss.

Plaintiff alleges Chase committed "mortgage fraud" at the closing of the sale for the condominium on June 27, 2008, and that he "suffered great financial hardship due to mortgage fraud by [Chase] for seven years."  (Compl. at 5-6).  Plaintiff does explain the nature of the fraud or how it was committed.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Moreover, under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  In addition, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.'"  Acito v. IMCERA Grp., Inc., 47 F.3d 47, 52 (2d Cir. 1995).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Fraud Claim

Chase argues plaintiff's complaint fails to state a claim for fraud.

The Court agrees.

"Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  Wynn v. AC Rochester,

273 F.3d 153, 156 (2d Cir. 2001) (citing <u>Lama Holding Co. v. Smith Barney, Inc.</u>, 88 N.Y.2d 413, 421 (1996)).

Plaintiff merely asserts that Chase committed mortgage fraud on June 27, 2008, at the closing of the condominium sale.  This is a bare legal conclusion; it is thus not entitled to the assumption of truth afforded to well-pleaded factual allegations.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  Moreover, nothing in plaintiff's amended complaint or the documents attached thereto indicates Chase made any misstatement or omission of any fact whatsoever, let alone a material one, or that Chase caused any injury to plaintiff.

Accordingly, even liberally construed, plaintiff's complaint fails to state a claim for fraud upon which relief can be granted, and it fails to satisfy the heightened pleading standard applicable to fraud claims under Rule 9(b).

III.   <u>Leave to Amend</u>

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a).  Moreover, when a <u>pro se</u> plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

By Order dated May 27, 2016, after Chase filed the instant motion to dismiss, the Court <u>sua</u> <u>sponte</u> granted plaintiff leave to file a second amended complaint, and instructed him to notify the Court by no later than June 10, 2016, whether he intended to do so or rely on the first amended complaint.  (Doc. #18).  The Order further stated that if plaintiff chose to rely on the first amended complaint, he would not be granted further leave to file a second amended

complaint absent special circumstances.  Plaintiff did not respond to the Court's May 27, 2016, Order.

In addition, plaintiff did not oppose defendant's motion to dismiss the complaint.  On July 6, 2016, the Court sua sponte extended the deadline to file an opposition (Doc. #19), but plaintiff again failed to respond.

As a result, the Court has already given plaintiff a reasonable opportunity to show he has a valid claim, and several opportunities to ameliorate his complaint or explain deficiencies in the motion to dismiss, and plaintiff has failed to do so in each instance.

Accordingly, the Court declines to grant plaintiff further leave to amend.

## CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #15) and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  December 20, 2016
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge